FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 10 2012
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

CASE NO. 4:12CV00503 JLH/JTR

I. Parties

In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of plaintiff: Jimmy Little
   ADC# 122430
   Address 890 Freeline Drive Pine Bluff, Ark. 71603

   Name of plaintiff: _____
   ADC# _____
   Address _____

   Name of plaintiff: _____
   ADC# _____
   Address _____

This case assigned to District Judge Holmes
and to Magistrate Judge Ray

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B. Name of defendant: Captain Edwards
   Position: Jail Administrator
   Place of employment: White County Jail
   Address: 1600 E. Booth Rd. Searcy Ark 72143

   Name of defendant: Lt. Smith
   Position: Jail Employee
   Place of Employment: White County Jail
   Address: 1600 E. Booth Rd. Searcy Ark 72143

Name of defendant: Dr. Sanchez

Position: Physician

Place of Employment: White County Jail

Address: 1600 E. Booth Rd. Searcy Ark 72143

Name of defendant: Dr. Chris Robinson

Position: Physician

Place of Employment: White County Medical Center

Address: 3214 East Race St. Searcy Ark. 72143

II. Are you suing the defendants in:

☐ official capacity only
☐ personal capacity only
☒ both official and personal capacity

III. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No __X__

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another pieced of paper, using the same outline.)

☐ Parties to previous lawsuit

Plaintiffs: _____

Defendants: _____

☐ Court (if federal court, name the district; if state court, name the county): _____

☐ Docket Number: _____

Name of defendant: Nurse Jane Doe
Position: Nurse
Place of Employment: Diagnostics Unit
Address: 7500 Correction Circle, Pine Bluff, Ar. 71603

Name of defendant: Doctor Jane Doe
Position: Physician
Place of Employment: Diagnostics Unit
Address: 7500 Correction Circle, Pine Bluff, Ar. 71603

Name of defendant: Marie Austin
Position: Infirmary Administrator
Place of Employment: Cummins Unit Infirmary
Address: 3100 Hwy 388, Grady, Ark. 71644

Name of defendant: Dr. Warren
Position: Physician
Place of Employment: Cummins Unit Infirmary
Address: 3100 Hwy 388, Cummins Unit, Grady, Ar. 71644

Name of defendant: Ann Rice
Position: Nurse
Place of Employment: Cummins Unit Infirmary
Address: 3100 Hwy 388, Cummins Unit Infirmary, Grady, Ar. 71644

Name of defendant: White County Jail
Position: Jail
Place of Employment:

Address: 1600 E. Booth RD. Searcy Ark 72143

Name of defendant: White County Medical Center
Position: Hospital
Place of Employment: Searcy, Arkansas 72143
Address: 3214 Race Street

Name of defendant: Correctional Medical Services
Position: Health Care Provider
Place of Employment: Cummins Unit Infirmary
Address: P.O. Box 8707, Pine Bluff, Ar. 71611

VII.   Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

See the attached pages

VIII. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

(1) Plaintiff seeks to be reimbursed $350.00 for his filing fee
(2) Plaintiff seeks the cost of his postage $500.00
(3) Compensatory damages $50,000.00
(4) Punitive Damages $110,000.00
(5) Plaintiff demands a jury trial
Total $160,850.00

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this _____ day of _____, 20___.

*Jimmy Little #122430*

_____
(Signature(s) of plaintiff(s))

☐ Name of judge to whom case was assigned: _____

☐ Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending? _____

☐ Approximate date of filing lawsuit: _____

☐ Approximate date of disposition: _____

IV. Place of present confinement: *Pine Bluff Unit Pine Bluff Arkansas 71603   890 Free Line DR.*

V. At the time of the alleged incident(s), were you: (check appropriate blank)

_✓_ in jail and still awaiting trial on pending criminal charges

_✓_ serving a sentence as a result of a judgment of conviction

_____ in jail for other reasons (e.g., alleged probation violation, etc.) explain: _____

_____

VI. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

A. Did your file a grievance or grievances presenting the facts set forth in this complaint?

Yes _✓_   No _____

B. Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

Yes _✓_   No _____

If not, why? _____

_____

The Defendant's listed herein are under color of statutes, ordinances, regulations, customs or usage of the State of Arkansas and subjected or caused to be subjected the Plaintiff who is a citizen of the United States and is within the jurisdiction thereof, to the deprivation of rights, privileges, or immunities secured by the Constitution and laws and shall be liable to the injured party in any action at law, suit in equity, or other proper proceeding for redress.

On or about March of 2011, while I was incarcerated in White County Jail in Searcy, Arkansas my back was injured when I slipped on excess water from a leaking commode and as I fell I twisted to try to catch myself and injured my back. I was in such excruciating pain and misery that I repeatedly utilized the jails request/complaint forms, however I was not provided with copies of my requests/ complaints and was told they would place copies in my file. My pain was so severe that it actually hurt me to take a breath and there were periods of time when I was unable to stand up or walk. During that time I continuously submitted request/complaint forms to Capt. Edwards requesting adequate medical care. Captain Edwards was deliberately indifferent to my serious medical needs subjecting me to suffer pain unnecessarily in violation of my Eighth Amendment.

1

spots) and that I have rheumatoid arthritis. The physician told me that I did not have rheumatoid arthritis and that nothing was wrong with me and ordered me out of her office. She medically classified me as being M-1 which is for a person with no medical problems, and in perfect health therefore when I arrived at the Cummins Unit I was assigned to #1 hoe squad. While working on #1 hoe squad I was forced to endure such excruciating pain that several days I was not sure if I could continue throughout the day because my back hurt so bad. I did consider my four (4) year old son who is depending on me to come home and take care of him as soon as I am able to get there. I could not, would not, allow myself to quit. To quit would cause me to get a disciplinary which would extend my time in prison. I refused to let my son down. While on #1 hoe squad I continuously tried my best to make the infirmary staff aware of my medical problems also pleading with them to please send for my medical records, Dr. Cifarelli had advised me that my bulging disc rested on a nerve and if my disc grind-ed the nerve in half I would become paralyzed for the remainder of my life and surgery would no longer be an option. When I made Nurse Rice aware of Dr. Cifarelli's findings she advised me that if I wanted medical care I should have stayed at home. After

5

numerous repeated requests for medical attention I was finally allowed to see Dr. Warren. Dr. Warren was not interested in my back pain, nor would he send for my medical records. He did prescribe me my Crones medication that was taken from me at Diagnostic Unit, however he refused to give any consideration to my back injury or the pain I was being forced to endure. I did make Dr. Warren aware that I did not believe that I could continue to endure the pain to complete my sixty (60) days on the hoe squad and Dr. Warren completely ignored my requests for adequate medical care for my back injury being deliberately indifferent to my serious medical needs causing me to have to continue to suffer unimaginable pain in violation of my Eighth Amendment. Although suffering pain that would far encompass that of a healthy person, I did manage to complete my sixty (60) days on the hoe squad and went before the classification committee and was assigned to the tractor squad, however just over a month later I was transferred to the Tucker Unit to take a program entitled "Therapeutic Community" (T.C.) which requires a tremendous amount of time sitting. Because of my back problem I am unable to sit for a prolonged period of time. I did see the doctor at the Tucker Unit in hopes of obtaining her assistance with my back and stomach. I made her aware

that I would not be able to sit for such long periods of time to take the Therapeutic Community Program however later, when I refused the T.C. Program I was returned to the Cummins Unit with a disciplinary. I had no idea that I would receive a disciplinary for refusing a program that because of medical problems I could not complete. When I went to disciplinary court I explained to the hearing officer that I refused the T.C. Program for medical reasons and about my back injury. I was found guilty of the charge and sentenced to Class III, 15 days in punitive isolation, and a loss of 108 days good time earned credit. Nevertheless, I continued my efforts seeking medical attention to no avail while I served my fifteen (15) days in punitive isolation. For the largest majority of the that time I was without a mattress for my bed and only had metal to sit on causing me a tremendous amount of pain in my back in violation of the Eighth Amendment's Cruel and Unusual clause. Upon being released from punitive isolation I was again assigned to the hoe squad. I continued to request the infirmary to please send for my medical records where I may then receive adequate medical care. Ms. Marie Austin, the Infirmary Administrator refused to send for my medical records stating that I had seen Dr. Warren and that he did not need my medical records.

Ms. Austin was deliberately indifferent to my serious medical needs. At that time I learned that some of the medications I was taking have heat restrictions requiring me not to be subjected to outside heat as I was being subjected to on the hoe squad. After months of trying, my family and I finally managed to convince Dr. Warren to send for my medical records. As soon as my medical records were received I was immediately reduced in medical class to M-2 and removed off of the hoe squad and re-assigned to building utility requiring no outside duty, I was subjected to numerous hardships, excruciating pain, disciplinary action, punitive isolation and loss of earned good time credit which has never yet been restored, all because I was denied adequate medical care, because these numerous named defendants were continuously deliberately indifferent to my serious medical needs. As a pre-trial detainee I was denied requirements provided by the Fourteenth Amendment's Due Process Clause, and I was forced to endure such pain that was horrible totally unnecessarily because those in positions of authority refused to allow me adequate medical care violating my Eighth Amendment of the United States Constitution.