## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JIMMY LITTLE                                                                         PLAINTIFF

V.                      4:12CV00503 JLH/JTR

CLAYTON EDWARDS, Captain,
White County Jail, et al.                                          DEFENDANTS

## ORDER

Plaintiff, Jimmy Little, has filed this *pro se* § 1983 action alleging that Defendants failed to provide him with adequate medical care while he was confined in the White County Jail.

Separate Defendant Robertson has filed a Motion to Compel stating that Plaintiff has not answered his May 3, 2013 Interrogatories and Requests for Production. *See* Doc. #57. Plaintiff has filed a Motion for Appointment of Counsel stating that he does not understand Defendant Robertson's discovery requests and that his limited education prevents him from adequately representing himself in this action. *See* Doc. #58. Accordingly, he asks the Court to appoint counsel.

A *pro se* litigant does not have a statutory or constitutional right to have counsel appointed in a civil case. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, the Court

may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Phillips*, 437 F.3d at 794.

Plaintiff's claims are not legally or factually complex. Furthermore, it appears from the record that he is capable of presenting his claims without the benefit of appointed counsel. Finally, Defendant Robertson's Interrogatories and Request for Production seek factual – not legal – information about Plaintiff and the events he personally experienced. Plaintiff's limited education will not prevent him from answering those factual questions or locating any documents he might have that are responsive to Defendant Robertson's discovery requests.

IT IS THEREFORE ORDERED THAT:

1. Defendant Robertson's Motion to Compel (Doc. #57) is GRANTED.

2. Plaintiff must answer Defendant Robertson's May 3, 2013 Interrogatories and Requests for Production **on or before August 9, 2013.**

3. Plaintiff's Motion for Appointment of Counsel (Doc. #58) is DENIED.

Dated this 17th day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE